

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 20 2012

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

PEARLENE MOH; FELICIA SMITH,
Individually and as Parent and Next Friend of
BRANDON ROGERS, a Minor                                    PLAINTIFFS

v.                              NO: 2:11-CV-212-BRW

RUSH TRUCKING CORPORATION
and MARIA ROMERO                                           DEFENDANTS

## AGREED PROTECTIVE ORDER

The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information and documents which may be discovered or offered into evidence at the trial of this case. The parties agree that the confidentiality of such information and documents, which are set forth below, shall be preserved under the terms of this Protective Order.

It is agreed that material requested by any of the parties which they deem confidential shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

    a.    To counsel for Plaintiffs and Defendants who are actively engaged in the conduct of this litigation and to their staff to the extent reasonably necessary to render professional services in the litigation;

    b.    To the parties to the litigation, their experts and consultants; and

    c.    To any other individuals included by order of the Court;

Documents produced by the parties to which this Protective Order is applicable shall be stamped "CONFIDENTIAL."

The parties may designate pages of deposition transcripts as confidential. This may be done by underlining the portions of the pages that are confidential and marking these pages as "CONFIDENTIAL." Confidential pages of deposition transcripts will be treated as any other documents subject to this Protective Order.

The following documents produced by the parties to which this protective order is applicable, are as follows:

1.      Any and all medical records of plaintiffs;

2.      Any and all records received from any insurance carriers related to claims made by plaintiffs in this accident and other accidents;

3.      Any alcohol or controlled substance testing performed on Maria Romero within the twenty-four hours preceding or following this accident and the results of said tests;

4.      Any and all documentation outlining any random or accident-related drug and alcohol tests ever performed on Maria Romero and the results thereof;

5.      Any and all of Maria Romero's personnel records, including all records in regard to background and character checks, annual reviews of driving record, records of violations, medical examination reports and records any and all disciplinary hearings or actions taken against Maria Romero;

Subject to the Federal Rules of Evidence, confidential documents and information may be offered in evidence at trial or any Court hearing. Any party may move the Court to prevent unnecessary disclosure of confidential information and documents pursuant to the Federal Rules of Evidence.

Any material submitted to or filed with the Court which contains information covered by this Protective Order shall be filed under seal, in a sealed envelope marked to indicate that the

2

enclosed material is confidential and is to be made available only to the presiding judge and the Judge's staff unless and until the Court orders otherwise.

The parties may agree subsequently to exclude any information or documents from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order.

The information covered under this Protective Order shall be used only for purposes of this litigation. No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order. No individual shall use any of the information to the detriment of the disclosing party or for any other business or financial benefit of the individual.

In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise legally required by legal process to disclose the information, it shall immediately notify the opposing party and provide them with an opportunity to object before any disclosure is made.

Within one hundred twenty (120) days after filing a conclusion of all aspects of the litigation of the referenced case documents marked as CONFIDENTIAL and all copies in print (other than exhibits of record) shall be returned to the party which produced the documents or, if agreed to by the parties, destroyed. Counsel for the parties agree to provide copies of any copies of any documentation if necessary for litigation arising out of the current matter upon request.

3

IT IS SO ORDERED.


THE HONORABLE BILLY R. WILSON


04/20/2012
DATE

APPROVED AS TO FORM AND SUBSTANCE:

*Attorneys for*
*Plaintiffs*

Gary Holt & Associates, P.A.
P. O. Box 3887
708 West Second Street
Little Rock, AR  72203

By
CONNIE GRACE


*Attorneys for*
*Defendants*

Huckabay Law Firm
425 W. Capitol, Suite 1575
Little Rock, AR  72201


By
D. MICHAEL HUCKABAY