IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

PEARLENE MOH; FELICIA SMITH,
Individually and as Parent and Next Friend of
BRANDON ROGERS, a Minor                                                    PLAINTIFFS

v.                              Case No. 2:11-CV-212-KB

RUSH TRUCKING CORPORATION
and MARIA ROMERO                                                            DEFENDANTS

## ORDER

Two discovery motions are currently pending before the Court. Plaintiffs filed a motion to compel on August 8, 2012 (Dkt. No. 25). Defendants responded in opposition (Dkt. No. 29). On September 21, 2012, defendants filed a motion to quash (Dkt. No. 31). Plaintiffs responded in opposition (Dkt. No. 32), and defendants replied (Dkt. No. 33).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." The rule "is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Rule 26 also makes clear that, for good cause, a "court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).

Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id.*

I.   **Plaintiffs' Motion to Compel (Dkt. No. 25)**

Plaintiffs move to compel the production of "all Rush Trucking Corporation driver safety and compliance manuals in effect during the employment of Maria Romero" (Dkt. No. 25-2, at 3). Plaintiffs initially asked for this manual in a request for production, but defendants objected that the request was "overly broad, not limited in time or scope, unduly burdensome, seeks material which is irrelevant to the issues and which is not reasonably calculated to lead to the discovery of admissible evidence and, further, seeks information and material which is trade secret . . . ." (Dkt. No. 25-2, at 3). Plaintiffs attempted in good faith to resolve this discovery dispute on two separate occasions before filing the pending motion to compel (Dkt. No. 25-3, at 2, 5).

In response to the motion to compel, defendants stand on the objections set out in their response to the initial request for production. Defendants also argue that the motion to compel should be denied because "[t]here are currently no allegations of independent negligence against Defendant Rush Trucking Company." This is no longer the case as plaintiffs have been granted leave to amend their complaint to include claims against Rush Trucking Company for negligent entrustment and punitive damages. Because there is at least some possibility that the requested safety and compliance manual or manuals are relevant to the subject matter involved in the action, the Court concludes the requested materials are discoverable.

Defendants' objections to producing the safety and compliance manual in effect at the time of Ms. Romero's employment are not persuasive. Because plaintiffs seek only the manual or manuals in effect during Ms. Romero's employment, the Court concludes that the request is sufficiently narrowly tailored. The Court is likewise not convinced that the information sought would be unduly burdensome to produce. To the extent that the information contains trade secret or confidential information, the parties have entered into an agreed protective order that sets out the

procedure by which confidential information may be shared (Dkt. No. 13).  Defendants do not put forth any reason why the agreed-upon protective order is insufficient under the circumstances.

For these reasons, plaintiffs' motion to compel the production of all Rush Trucking Corporation driver safety and compliance manual or manuals in effect during the employment of Maria Romero is granted (Dkt. No. 25).  Defendants are ordered to produce the requested materials by 5:00 p.m. on Wednesday, September 26, 2012.

**II.    Defendants' Motion to Quash (Dkt. No. 31)**

Defendants move to quash the notice of video deposition sent to Jeff Braden "insofar as it seeks production of documents" (Dkt. No. 31, at 1).  Mr. Braden's deposition is set to take place September 27, 2012.  The notice issued to Mr. Braden contains three production requests, but only one request is at issue in defendants' pending motion to quash because plaintiffs have withdrawn the other two requests.  Plaintiffs state in response to the motion to quash that they withdraw requests two and three in the notice at this time.  The remaining request at issue in the notice tracks the request for production that was the subject of plaintiffs' motion to compel, which the Court discussed in Section I of this Order.  In the light of the Court's ruling on the motion to compel, defendants' motion to quash notice of video deposition sent to Mr. Braden insofar as it seeks production of documents is denied as moot (Dkt. No. 31).

* * *

Plaintiffs' motion to compel is granted (Dkt. No. 25). Defendants shall by 5:00 p.m. on Wednesday, September 26, 2012, produce the driver safety and compliance manual or manuals in effect during the employment of Maria Romero. Defendants' motion to quash is denied as moot (Dkt. No. 31).

SO ORDERED this the 25 day of September, 2012.

_____
Kristine G. Baker
United States District Judge